70 F.3d 1273
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Harold Paul WOOD, Defendant-Appellant.
 No. 94-6580.
 United States Court of Appeals, Sixth Circuit.
 Nov. 28, 1995.
 
 Before: CONTIE, BATCHELDER, and MOORE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Harold Paul Wood appeals his conviction for escape from federal custody in violation of 18 U.S.C. Sec. 751(a) ("Sec. 751(a)"). Wood challenges the adequacy of the jury instructions, as well as an answer given by the district court in response to a question posed by the jury. For the reasons stated below, we AFFIRM the conviction.
 
 I.
 
 2
 Defendant Wood was serving a sentence in federal prison for bank robbery. On Thursday, November 11, 1993, Wood was missing from an inmate count. Searches for him on Thursday and Friday proved fruitless. On Saturday, November 13, 1993, a correctional officer spotted Wood walking along a highway. When Wood saw the officer he ran into a nearby wooded area, where he was eventually apprehended.
 
 
 3
 Wood was indicted for escape from federal custody in violation of Sec. 751(a). In part, Wood defended on the ground that he lacked the necessary mens rea to be convicted. Wood contended that his seizure disorder, which caused him to lose conscious awareness of his surroundings and infrequently suffer grand mal seizures, not only prevented him from knowing he was escaping at the time of his departure, but also from returning to custody despite his desire to do so.
 
 
 4
 At the conclusion of trial, over Wood's objection, the district court instructed the jury on the elements of escape as follows:
 
 
 5
 For you to find the Defendant guilty of [violating Sec. 751(a) ], you must be convinced that the government has proved each of the following elements beyond a reasonable doubt:
 
 
 6
 First: That the Defendant was in federal custody;
 
 
 7
 Second: That the Defendant was in custody at an institution where the Defendant was confined by direction of the Attorney General or her authorized representative for conviction of an offense;
 
 
 8
 Third: That the Defendant departed without permission; and
 
 Fourth: Either
 
 9
 (a) That the Defendant knew he did not have permission to leave federal custody at the time he departed [hereinafter instruction 4(a) ];
 
 
 10
 or
 
 
 11
 (b) That if the Defendant did not know he was leaving federal custody without permission at the time he departed, after leaving he voluntarily formed the intent to remain at large and acted upon this intent
 
 
 12
 [hereinafter instruction 4(b) ].
 
 
 13
 During its deliberation, the jury submitted to the district court a question about the fourth part of the instruction: "Do we have to agree on (a) and (b) or do we just have to agree with one and not the other." After consulting with counsel, the district court responded:
 
 
 14
 "The fourth element in [the] instruction ... is not satisfied if you believe unanimously that the government has not proven either (a) or (b) [beyond] a reasonable doubt. The fourth element in [the] instruction ... is satisfied if you believe unanimously that the government has proven either (a) or (b) [beyond] a reasonable doubt."
 
 
 15
 Fifteen minutes after it received the response, the jury returned a guilty verdict. This timely appeal followed.
 
 II.
 
 16
 We review a jury instruction by examining it as a whole to determine whether it fairly and adequately presented the law to the jury. "[I]n considering the adequacy and correctness of a jury charge, we must review the jury instructions as a whole." Hurt v. Coyne Cylinder Co., 956 F.2d 1319, 1327 (6th Cir.1992). Additionally, we "must give the trial judge 'substantial latitude in tailoring the instructions so long as they fairly and adequately cover the issues presented.' " Lewy v. Southern Pac. Transp. Co., 799 F.2d 1281, 1287 (9th Cir.1986) (citations omitted).
 
 A.
 
 17
 Wood first contends that the instruction on the elements of escape incorrectly stated the applicable law by instructing the jury that the scienter element could have been formed either at the time of escape or at a later time if the defendant remained at large. This contention is wholly without merit. In United States v. Bailey, the Supreme Court stated:
 
 
 18
 Although Sec. 751(a) does not define the term "escape," courts and commentators are in general agreement that it means absenting oneself from custody without permission.... [Escape] is a continuing offense and ... an escapee can be held liable for failure to return to custody as well as for his initial departure.
 
 
 19
 444 U.S. 394, 406, 413, 100 S.Ct. 624, 633, 636 (1980) (citations omitted) (emphasis added). In light of Bailey, we are confident that the instruction fairly and adequately stated the law.
 
 B.
 
 20
 Wood also claims that both the instruction and the court's response to the jury's question confused the jury about the need for an unanimous verdict. Schad v. Arizona, 501 U.S. 633, 634 n. 5, 111 S.Ct. 2491, 2498 n. 5 (1991) (holding that due process requires an unanimous verdict in federal criminal cases). Wood contends that the instruction and answer can fairly be read to allow an unanimous verdict if some jurors believed that Wood knew he did not have permission to leave custody at the time he departed, instruction 4(a), while others believed that Wood unknowingly left custody but later voluntarily formed the intent to remain at large, instruction 4(b). We find that as a practical matter under the facts of this case this contention would have been impossible.
 
 
 21
 Even if the jury's question was prompted by some initial confusion, we think it clear that the verdict returned was unanimous. Any juror who believed that Wood knowingly left custody without permission, instruction 4(a), must also have believed that Wood knowingly failed to return to custody, instruction 4(b). Therefore, any juror who was prepared to convict Wood under instruction 4(a) of logical necessity was also prepared to convict him under instruction 4(b). Thus, even if some jurors were not prepared to convict Wood under instruction 4(a), the jury per force unanimously convicted Wood under instruction 4(b). We conclude that the unanimity required by the due process clause was satisfied here since all of the jurors at least must have believed that Wood knowingly failed to return to federal custody in violation of Sec. 751(a).
 
 
 22
 Accordingly, the district court's instruction was proper and we AFFIRM.